UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
VICTOR M. SERBY,

               Plaintiff,

               -against-

FIRST ALERT, INC. and BRK BRANDS, INC.,

               Defendants.
----------------------------------------------------------------X

**ORDER**
09-CV-4229 (WFK) (VMS)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 10, 2015, Plaintiff Victor M. Serby ("Plaintiff"), filed a motion *in limine* to preclude the testimony of Dr. Christine Wood at trial pursuant to Federal Rules of Evidence Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Dkt. 84-5 ("MIL"). On July 14, 2015, Defendants First Alert, Inc. ("First Alert") and its subsidiary BRK Brands, Inc. ("BRK") (collectively "Defendants"), filed an opposition to Plaintiff's motion *in limine* arguing that Plaintiff's arguments speak to the weight of Dr. Wood's testimony, not its admissibility. Dkt. 89 ("Opp. to MIL") at 1. For the reasons set forth below, Plaintiff's motion *in limine* is DENIED.

Plaintiff seeks to preclude Dr. Wood's testimony because the "proffered testimony is not reliable and will not assist the trier of fact in reaching a determination." MIL at 1. Specifically, Plaintiff argues Dr. Wood's testimony should be excluded since it is not the product of reliable principles and methods because her "'testing' involved methodologies which were patently unsound, and her results are irrelevant to the case at hand since she has not proffered a definition of 'openability' which can be gleaned from any relevant industry or technical standard or that is in common usage in her field of 'human factors.'" *Id.* at 9.

1

Defendants, on the other hand, argue that "Plaintiff's arguments are meritless and should be rejected, particularly in a bench trial where the potential for undue prejudice of the trier of fact is virtually non-existent." Opp. to MIL at 1. In sum, Defendants claim Dr. Wood "fully explained her methodology and testing procedures. The criticisms advanced by Plaintiff speak to the weight of Dr. Wood's testimony rather than its admissibility, especially in a bench trial where there is no prospect of prejudicing a jury." *Id.* at 7. Defendants are correct for the following reasons.

First, the Court will be the finder of fact at trial. In general, "[i]t is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions." *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457, 458 (S.D.N.Y. 2007) (Sullivan, J.) (internal quotation marks omitted) (citing *Nimely v. City of New York*, 414 F.3d 381, 395-396 (2d Cir. 2005)) . Moreover, "[i]n the context of a bench trial where there is not a concern for juror confusion or potential prejudice, the [C]ourt has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Daubert* and its progeny." *Id.* at 457 n.1 (citing *New York v. Solvent Chem. Co., Inc.*, 83-CV-1401C, 2006 WL 2640647, at *1 (W.D.N.Y. Sept. 14, 2006) (Curtin, J.) (collecting cases)). Because there is no potential for undue prejudice, Plaintiff's argument that Dr. Wood's testimony is not reliable and will not assist the trier of fact in reaching a determination is without merit. As such, Dr. Wood's testimony should not be precluded from trial.

Second, Plaintiff raises a variety of issues with Dr. Wood's testimony such as her failure to simulate real world conditions, her failure to provide a basis for comparison, and her failure to provide context for her definition of "openability." MIL at 4-8. None of these

2

issues, however, are grounds for preclusion. While Plaintiff argues Dr. Wood's testimony is ultimately not reliable due to these issues and will not assist the trier of fact in reaching a determination, as discussed above, such an argument is without merit for purposes of this motion *in limine*. In fact, the issues Plaintiff raises go towards the weight of Dr. Wood's testimony, not its admissibility, which can be addressed on cross-examination. For example, although Plaintiff complains that Dr. Wood failed to simulate real world conditions, it is "firmly established that the decision whether to admit evidence of experimental tests or demonstrations is a matter left to the sound discretion of the trial judge. A court may properly admit experimental evidence if the tests were conducted under conditions substantially similar to the actual conditions. Admissibility, however, does not depend on perfect identity between actual and experimental conditions. Ordinarily, dissimilarities affect the weight of the evidence, not its admissibility." *Veliz v. Crown Lift Trucks*, 714 F. Supp. 49, 51 (E.D.N.Y. 1989) (Dearie, J.) (internal quotation marks, alterations, and citations omitted); *see also Cordeo v. Stop & Shop Supermarket Co.*, 11-CV-5701, 2012 WL 5951280, at *1 (S.D.N.Y. Nov. 26, 2012) (Jones, J.); *Cohalan v. Genie Indus., Inc.*, 276 F.R.D. 161, 167 (S.D.N.Y. 2011) (Francis, IV, Mag. J.). Because Plaintiff will have ample opportunity on cross-examination to raise such issues with Dr. Wood's testimony, and because there is no potential for undue prejudice, Dr. Wood's testimony will not be precluded from trial.

## CONCLUSION

Plaintiff's motion *in limine* to preclude the testimony of Dr. Wood, Dkt. 84, is DENIED. Defendant's opposition to Plaintiff's motion *in limine* to preclude the testimony of Dr. Wood, Dkt. 89, is GRANTED.

**SO ORDERED**

Dated: July 2⌐, 2015
      Brooklyn, New York

s/WFK

_____
HON. WILLIAM F. KUNTZ, II
United States District Judge