UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
VICTOR M. SERBY,

                    Plaintiff,                              **ORDER**
                                                                    09-CV-4229 (WFK) (VMS)

                    *-against-*

FIRST ALERT, INC. and BRK BRANDS, INC.,

                    Defendants.
------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

On July 13, 2015, Plaintiff Victor M. Serby ("Plaintiff"), filed a motion *in limine* to preclude the testimony of Dr. Thomas Reddy at trial pursuant to Federal Rules of Evidence Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). Dkt. 86-1 ("MIL"). On July 20, 2015, Defendants First Alert, Inc. ("First Alert") and its subsidiary BRK Brands, Inc. ("BRK") (collectively "Defendants"), filed an opposition to Plaintiff's motion *in limine* arguing that Plaintiff's arguments speak to the weight of Dr. Reddy's testimony, not its admissibility. Dkt. 91 ("Opp. to MIL") at 2. For the reasons set forth below, Plaintiff's motion *in limine* is DENIED.

Plaintiff seeks to preclude Dr. Reddy's testimony because the "proffered testimony is not reliable, and will not assist the trier of fact in reaching a determination[.]" MIL at 1. Specifically, Plaintiff argues Dr. Reddy's testimony should be excluded because it "(1) will *not* help the trier of fact to understand the evidence or to determine a fact in issue (in the case of the chemistry of the lithium anode batteries); (2) is not reliable or the product of reliable principles and methods; and (3) consists of *ipse dixit* statements and Dr. Reddy performed no testing, instead relying on anecdotal 'personal experience,' which clearly involved

1

methodologies which were patently unsound, or are irrelevant to the case at hand." *Id.* at 9 (emphasis in the original).

Defendants, on the other hand, argue that "Plaintiff's arguments are meritless and should be rejected, particularly in a bench trial where the potential for undue prejudice of the trier of fact is virtually non-existent." Opp. to MIL at 2. In sum, Defendants claim "[t]he criticisms advanced by Plaintiff speak to the weight of Dr. Reddy's testimony rather than its admissibility, especially in a bench trial where there is no prospect of prejudicing a jury." *Id.* at 12. Defendants are correct for the following reasons.

First, the Court will be the finder of fact at trial. In general, "[i]t is a well-accepted principle that Rule 702 embodies a liberal standard of admissibility for expert opinions." *Tiffany (NJ) Inc. v. eBay, Inc.*, 576 F. Supp. 2d 457, 458 (S.D.N.Y. 2007) (Sullivan, J.) (internal quotation marks omitted) (citing *Nimely v. City of New York*, 414 F.3d 381, 395-396 (2d Cir. 2005)). Moreover, "[i]n the context of a bench trial where there is not a concern for juror confusion or potential prejudice, the [C]ourt has considerable discretion in admitting the proffered testimony at the trial and then deciding after the evidence is presented whether it deserves to be credited by meeting the requirements of *Daubert* and its progeny." *Id.* at 457 n.1 (citing *New York v. Solvent Chem. Co., Inc.*, 83-CV-1401C, 2006 WL 2640647, at *1 (W.D.N.Y. Sept. 14, 2006) (Curtin, J.) (collecting cases)). Because there is no potential for undue prejudice, Plaintiff's argument that Dr. Reddy's testimony is not reliable and will not assist the trier of fact in reaching a determination is without merit. As such, Dr. Reddy's testimony should not be precluded from trial.

Second, Plaintiff raises a variety of issues with Dr. Reddy's testimony such as the irrelevancy of his testimony on the differences between lithium manganese dioxide batteries

and lithium thionyl chloride batteries, his failure to have "[]sufficient facts or data on which to base an opinion[,]" and his failure to provide specific data regarding his personal experience with Kodak Ultralife Battery. MIL at 3-8. None of these issues, however, are grounds for preclusion. While Plaintiff argues Dr. Reddy's testimony is ultimately not reliable due to these issues and will not assist the trier of fact in reaching a determination, as discussed above, such an argument is without merit for purposes of this motion *in limine*. In fact, the issues Plaintiff raises go towards the weight of Dr. Reddy's testimony, not its admissibility, which can be addressed on cross-examination. For example, Plaintiff claims "Dr. Reddy's anecdotal 'personal experience' involving the Kodak Ultralife battery should [] be excluded[]" because "[t]here is no date and no specifics stated[] regarding this 'personal experience.'" *Id.* at 8. However, under Federal Rules of Evidence Rule 703, "[a]n expert may base an opinion on facts or data in the case that the expert has been made aware of or *personally observed*." Fed. R. Evid. 703 (emphasis added). Because Dr. Reddy personally observed issues with the Kodak Ultralife Battery and because Plaintiff will have ample opportunity on cross-examination to raise such issues with Dr. Reddy's testimony, this testimony will not be precluded from trial.

## CONCLUSION

Plaintiff's motion *in limine* to preclude the testimony of Dr. Reddy, Dkt. 86, is DENIED.

**SO ORDERED**

Dated: July 22, 2015
Brooklyn, New York

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

3